IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>      v.<br><br>COLTER O'DELL,<br><br>                     Defendant. | Case No. 3:19-cr-00026-TMB-DMS-4<br><br>ORDER ON DEFENDANT O'DELL'S<br>MOTION TO EXCLUDE (TELEPHONE)<br>[DKT. 424] |

## I. INTRODUCTION

The matter comes before the Court on Defendant Colter O'Dell's Motion to Exclude (Telephone) (the "Motion").[1] The United States filed a response in opposition ("Opposition") and Defendant filed a Reply.[2] The Court finds that the Motion is suitable for disposition without oral argument. Accordingly, after consideration of the Parties' pleadings and the record before the Court, for the reasons discussed below, Defendant's Motion is **DENIED**.

## II. BACKGROUND

*A.    Investigation and Seizure of Cell Phone*

In or about August 2017, Alaska State Troopers ("AST") began investigating the death of Michael Staton, who was allegedly kidnapped, assaulted, and murdered on or about August 3, 2017, for breaking the rules of the 1488 gang ("the 1488s").[3] Staton was targeted for a "de-patching"—described as "a ceremony that criminal gangs sometimes use when a member has

---

[1] Dkt. 424 (Motion).

[2] Dkts. 471 (Opposition); 479 (Reply).

[3] Dkt. 427 at 8–9 (Search Warrant).

1

been kicked out of the gang is no longer allowed to wear any of the gangs' [sic] colors or insignias on their body or clothing"[4]—for purportedly stealing from a 1488 associate.[5] During the course of their investigation, Defendant was named as one of several participants in the de-patching of Staton.[6] It is believed that Defendant became a patched member of the 1488s as a result of his role in Staton's murder.[7]

In or about September 2017, investigators executed a search warrant for Defendant's cell phone records.[8] The cell phone records place Defendant's phone in the area of where Staton's assault allegedly took place and at the time of the alleged assault.[9] The cell phone records also show a pattern of travel that is consistent with the subsequent attempt to dispose of Staton's body and place Defendant's cell phone within one mile of where Staton's remains were discovered.[10]

On October 6, 2017, AST received anonymous information that Defendant was at a residence in Wasilla, Alaska.[11] At that time, Defendant had an outstanding federal felony weapons violation warrant for his arrest.[12] Based on the anonymous information, AST located and stopped

---

[4] *Id.* at 8.

[5] *Id.* at 10–11.

[6] *Id*. at 10.

[7] *Id.*

[8] *Id.* at 11.

[9] *Id.*

[10] *Id.* at 11–12.

[11] *Id.* at 12.

[12] *Id.*

a two-tone red and white GMC pickup driven by Defendant.[13] Defendant was arrested and transported to the Mat-Su Pretrial Facility.[14] At the time of his arrest, Defendant was in possession of the cell phone now at issue; the cell phone was seized and entered into AST Palmer Post evidence.[15]

On October 10, 2017, AST Investigator Christopher Havens applied for and obtained a search warrant for the cell phone.[16] The search warrant authorized AST Investigator Havens to search the cell phone for evidence of "Murder in any degree/Assault in any degree" or evidence that "tends to show" Defendant committed "Murder in any degree/Assault in any degree."[17] The search warrant was supported by Investigator Havens' affidavit, which in turn was based on his knowledge, training, and experience, as well as information provided to him by other law enforcement officers.[18]

B.   *Defendant's Motion*

Defendant now seeks to suppress the evidence recovered from his cell phone.[19] Defendant bases the Motion on three premises: (1) the phone should not have been seized because it was not evidence of the offense of arrest, felon in possession of a firearm; (2) the warrantless seizure of the phone was not justified by exigent circumstances and the investigators failed to diligently

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *See, generally*, Dkt. 427.

[17] *Id.* at 3.

[18] *Id.* at 6–12.

[19] Dkt. 424.

3

obtain a search warrant; and (3) the search of the phone exceeded the scope of the warrant because the investigators did not attempt to limit the search for evidence of the alleged crimes only.[20] Defendant concludes that each of these reasons bars the cell phone evidence.[21]

In its Opposition, the Government argues that the discovery, seizure, and search of the cell phone were reasonable under the Fourth Amendment.[22] First, the Government contends that the cell phone was found and seized incident to Defendant's arrest in order to preserve evidence.[23] Second, the Government asserts that the time it took to obtain a search warrant was not unreasonable given the requisite administrative work involved and Defendant's in-custody status.[24] Third, the Government claims that the exclusionary rule does not apply because law enforcement would have inevitably applied for the search warrant even if they had not seized the phone.[25] Finally, the Government argues that the search did not exceed the scope of the warrant and, in any event, AST investigators relied on a facially-valid warrant so suppression is not appropriate.[26] Therefore, the Government requests that the Court deny the Motion.[27]

---

[20] *Id.* at 4–8.

[21] *Id.* at 9.

[22] Dkt. 471.

[23] *Id.* at 5–7.

[24] *Id.* at 8–9.

[25] *Id.* at 9.

[26] *Id.* at 10–15.

[27] *Id.* at 15.

Defendant was granted leave to file a Reply to the Government's Opposition.[28] In his Reply, Defendant reiterates his arguments and asserts that the Government's case citations are inapposite.[29] Specifically, Defendant argues that the cell phone should not have been seized because it was not evidence of the offense of arrest, the Government fails to justify the delay in obtaining the search warrant, and the Government fails to show the discovery of the phone was truly inevitable.[30] In addition, Defendant supports his argument that the search exceeded the scope of the warrant by asserting that resultant electronic data contained identifying information for an individual other than Defendant and files "wholly unrelated" to Staton's murder.[31] Defendant argues that the Government's failure to segregate the unrelated data and limit the search for evidence of murder or assault violates the Fourth Amendment.[32] Therefore, Defendant moves to suppress the cell phone evidence.[33]

### III.  LEGAL STANDARD

The Fourth Amendment protects the "right of the people to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures" and that right "shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."[34] The

---

[28] Dkt. 483 (Text Order).

[29] Dkt. 479.

[30] *Id.* at 2–4.

[31] *Id.* at 4–5.

[32] *Id.* at 5.

[33] *Id.*

[34] U.S. Const. amend. IV.

5

"ultimate touchstone of the Fourth Amendment is reasonableness," which generally requires obtaining a search warrant.[35] The warrant requirement "ensures that the inferences to support a search are drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime."[36]

### IV.  ANALYSIS

*A.    Seizure of Defendant's Cell Phone*

A warrantless search and seizure may be reasonable under the Fourth Amendment if it falls within an exception to the warrant requirement.[37] One such exception permits a warrantless search and seizure effectuated incident to a valid arrest.[38] Another exception permits the warrantless search and seizure of evidence in light of exigent circumstances, including to prevent its potential concealment or destruction.[39]

In this case, Defendant does not contest the validity of the search that discovered his cell phone and he acknowledges that warrantless seizures may be executed incident to arrest.[40] Instead, Defendant challenges the seizure of his cell phone because it was not evidence of the crime for which he was arrested, that is, being a felon in possession of a firearm.[41] Defendant argues that the

---

[35] *Riley v. California*, 573 U.S. 373, 381–82 (2014) (internal quotations and citations omitted).

[36] *Id.* at 382 (internal quotations and citations omitted).

[37] *Id.*

[38] *Chimel v. California*, 395 U.S. 752, 768 (1969); *Arizona v. Gant*, 556 U.S. 332, 343 (2009).

[39] *Riley*, 573 U.S. at 402 (internal citations omitted); *Illinois v. McArthur*, 531 U.S. 326, 337 (2001).

[40] *See* Dkt. 424 at 4–5.

[41] Dkt. 424 at 5.

6

"cell phone was not itself contraband and was not incriminating on its face" but rather the investigators seized it to find evidence of a separate offense, Staton's murder.[42] Furthermore, Defendant contends that the seizure was not justified by exigent circumstances, as evidenced by the four-day delay investigators took to obtain a search warrant.[43]

The warrantless seizure of Defendant's cell phone falls under both the incident to arrest and preservation of evidence exceptions. First, the cell phone was indeed seized incident to Defendant's arrest on a federal felony firearms warrant. Precedential case law has recognized that a cell phone may be seized and searched for evidence of illegal possession of a firearm.[44] In addition, Defendant does not present and the Court has not found authority restricting seizures only for the offense of arrest when the seizure may serve a dual purpose.[45] Here, the "would have . . . anyway" logic applies.[46] AST investigators may have been motivated to seize Defendant's cell phone in connection to Staton's murder, but they would have seized it anyway whether related to

---

[42] *Id.*

[43] *Id.* at 6–7.

[44] *See Riley*, 573 U.S. at 378–79 (seizure of cell phone upon arrest for possession of concealed and loaded firearms); *United States v. Garay*, 938 F.3d 1108, 1113–14 (9th Cir. 2019) (upholding seizure and search of cell phone resulted in photographs that tied defendant, a felon, to the firearm recovered from his rental car).

[45] *See Garay*, 938 F.3d at 1112 (finding no reasons to invalidate an inventory search when officers expected to also find evidence of criminal activity); *United States v. Bowhay*, 992 F.2d 229, 231 (9th Cir. 1993) (holding investigative motive does not invalidate an inventory search); *United States v. Lillard*, 929 F.2d 500, 502 (9th Cir. 1991) (rejecting argument that a traffic stop was pretextual when officers suspected defendant of drug offenses, but would have stopped him anyway because of his speeding and careless driving).

[46] *Lillard*, 929 F.2d at 502.

the felon in possession charge or to take inventory of Defendant's property.[47] Second, the seizure in this case falls squarely within the preservation of evidence exception and to admit such would be "a sensible concession."[48] As for the length of time AST held Defendant's cell phone without a warrant, the Court finds that 4 days (including a weekend) is a reasonable amount of time for law enforcement to apply for and obtain a warrant, considering Defendant was in custody during that time and made no efforts to secure the return of the phone.[49] Accordingly, the seizure of Defendant's cell phone was reasonable and did not violate the Fourth Amendment.

B.    *Scope of the Search of Defendant's Cell Phone*

Under the Fourth Amendment, a warrant must be specific.[50] "Specificity has two aspects: particularity and breadth. Particularity is the requirement that the warrant must clearly state what is sought. Breadth deals with the requirement that the scope of the warrant be limited by the probable cause on which the warrant is based."[51] However, the realities of electronic information necessitate different considerations.[52] The Ninth Circuit has recognized that "over-seizing is an inherent part of the electronic search process."[53]

---

[47] *See* Dkt. 471 at 9 (explaining AST would have taken the phone with the rest of Defendant's property to the detention facility).

[48] *See Riley*, 573 U.S. at 388 ("Both [defendants] concede that officers could have seized and secured their cell phones to prevent destruction of evidence while seeking a warrant.").

[49] *See United States v. Sullivan*, 797 F.3d 623, 633–34 (9th Cir. 2015) (concluding the government's seizure and retention of a laptop for 21 days before obtaining a search warrant was not an unreasonable seizure under the Fourth Amendment).

[50] *United States v. Towne*, 997 F.2d 537, 544 (9th Cir. 1993).

[51] *Id.* (internal quotation omitted).

[52] *See United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1176–77 (9th Cir. 2010).

[53] *Id.* at 1177.

> This calls for greater vigilance on the part of judicial officers in striking the right balance between the government's interest in law enforcement and the right of individuals to be free from unreasonable searches and seizures. The process of segregating electronic data that is seizable from that which is not must not become a vehicle for the government to gain access to data which it has no probable cause to collect.[54]

In the Motion, Defendant does not argue that the search warrant lacks particularity or is overbroad; he argues that the search of his cell phone exceeded the scope defined by the warrant.[55] Specifically, Defendant argues that investigators "made no known effort whatsoever to segregate data from the phone that was evidence of this crime from other evidence."[56] Defendant relies on the Ninth Circuit's *en banc* opinion in *Comprehensive Drug Testing* to assert that the "wholesale search" of his cell phone converted the warrant into an impermissible "general search."[57]

As a threshold matter, the search did not exceed the scope of the warrant. Without contesting the validity of the warrant itself, Defendant concedes "the warrant authorized the wholesale search of several types of data from [Defendant's] cell phone including messages, multimedia files, web browser and internet files."[58] To this point, the Ninth Circuit has recognized that, "[b]ecause seizable materials are seldom found neatly separated from their non-seizable counterparts," it is reasonable under the Fourth Amendment to authorize a wholesale seizure if the supporting affidavit explains why such a seizure is necessary.[59] Here, the supporting affidavit

---

[54] *Id.*

[55] Dkt. 424 at 7–8.

[56] *Id.* at 8.

[57] *Id.*

[58] *Id.*; *see* Dkt. 427 at 2 (delineating the scope of the search).

[59] *United States v. Hill*, 459 F.3d 966, 974–76 (9th Cir. 2006).

9

explains that people carry and use cell phones before, during, and after the commission of crimes; the data streams left behind from the cell phone usage can include "GPS locations, contact lists, e-mails, SIMS cards, pictures, videos or audio files, and electronic data."[60] Furthermore, the exclusionary rule does not apply when officers act in good faith on a facially-valid warrant.[61] Because the warrant in this case justifiably authorized a broad search of Defendant's cell phone, the subsequent search did not exceed the scope of the warrant.

In any event, Defendant's reliance on *Comprehensive Drug Testing* is inapposite and does not support his motion to suppress evidence. Defendant argues that the search was invalidated by the investigators' failure to segregate evidence of Staton's assault and murder from other data recovered from Defendant's cell phone.[62] However, the majority opinion in *Comprehensive Drug Testing* did not require any such search protocol.[63] Therefore, the investigator's alleged failure to segregate data does not necessarily render the search overbroad.[64] Moreover, "the exclusionary rule does not require the suppression of evidence within the scope of the warrant simply because other items outside the scope of the warrant were unlawfully taken as well."[65] Suppression is

---

[60] Dkt. 427 at 12.

[61] *United States v. Elmore*, 917 F.3d 1068, 1076 (9th Cir. 2019).

[62] Dkt. 424 at 8.

[63] *United States v. Schesso*, 730 F.3d 1040, 1049 (9th Cir. 2013) ("The search protocol was no longer part of the majority opinion, but instead was moved to a concurring opinion and thus was no longer binding circuit precedent.").

[64] *See Hill*, 459 F.3d at 978 ("[T]here is no case law holding that an officer *must* justify the lack of a search protocol in order to support issuance of the warrant. As we have noted, we look favorably upon the inclusion of a search protocol; but its absence is not fatal.") (emphasis in original).

[65] *Id.* at 977 (quoting *United States v. Tamura*, 694 F.2d 591, 597 (9th Cir. 1982)); *United States v. Crozier*, 777 F.2d 1376, 1381 (9th Cir. 1985) ("Only those items which fall outside the scope of the warrant need to be suppressed.").

10

limited to the evidence the government plans to introduce at trial.[66] Defendant has identified seemingly irrelevant evidence from the cell phone data, but he does not claim that the Government is attempting to introduce that evidence at trial.[67] Accordingly, suppression of the cell phone evidence is not warranted.

## V. CONCLUSION

The seizure of Defendant's cell phone was justified by exceptions to the Fourth Amendment's warrant requirement and the search of the cell phone did not exceed the scope authorized by the search warrant. Therefore, for the foregoing reasons, Defendant's Motion at Docket 424 is **DENIED.**

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 2nd day of September, 2020.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[66] *United States v. Flores*, 802 F.3d 1028, 1045–46 (9th Cir. 2015).

[67] Dkt. 479 at 4–5.